Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for assault to murder; punishment, four years in the penitentiary.

Appellant made a motion to quash the indictment, which seems to have been properly overruled; also a motion for continuance, the refusal of which is not here complained of by any bill of exceptions, and for that reason nothing in the court's action is made to appear erroneous.

The facts seem ample to support the judgment. A number of witnesses testified that they were present when appellant cut the alleged injured party with a knife. Some testimony was to the contrary. The jury have settled the conflict of evidence against appellant.

In the sentence appellant was committed to the penitentiary for a period of four years. The Indeterminate Sentence Law of this state (Vernon's Ann. C. C. P. art. 775) was overlooked.

The sentence will be reformed, and appellant will be sentenced to confinement in the penitentiary for a period of not less than one and not more than four years, and, as reformed, the judgment will be affirmed.

## G. B. AYCOCK, alias Blackie Aycock, and V. R. Parker, v. STATE.

### No. 17017.

Court of Criminal Appeals of Texas.

June 27, 1934.

Fletcher S. Jones, of Beaumont, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is robbery; penalty assessed at confinement in the penitentiary for five years.

The appellants have filed a written motion, duly verified, asking that the appeal be dismissed.

The request is granted,. and the appeal ordered dismissed.

## Bob BOYD v. STATE.

### No. 16946.

Court of Criminal Appeals of Texas.

June 13, 1934.

Reynold M. Gardner, of Amarillo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for theft of an automobile; punishment, two years in the penitentiary.

The record is here without statement of facts or bills of exception. All matters of procedure appear regular.

The judgment will be affirmed.